IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01741-EWN-BNB

BEVERLY J. WOOD,

Plaintiff,

v.

KEVAN D. NORTHUP,
REBEKAH NORTHUP,
LEBARON PROPERTIES LLC d/b/a LEBARON PROPERTIES GROUP,
PLAINS PERFORMANCE DENTISTRY P.C.,
PLAINS PERFORMANCE LEASING, LLC, and
DR. BRUCE LEE,

Defendants.

---

**PROTECTIVE ORDER CONCERNING DISCOVERY**

---

**STIPULATED TERMS OF PROTECTIVE ORDER
CONCERNING DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY STIPULATED AND AGREED by the respective undersigned counsel for the plaintiffs and defendants listed on the signature pages hereto that the following provisions shall govern disclosure and use of all documents, testimony, and other information designated "Confidential" that is produced or given by any person in the course of discovery in this action.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED that:

1. **Confidential Information:** In responding to discovery requests, whether made formally or informally, the producing party may designate documents or other materials "Confidential." The producing party shall designate information "Confidential" only when that

#1128131 v1

party has a good faith belief that the information so designated is confidential within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure or other applicable law.

2. **Confidential Information Covered:** The protections conferred by this Stipulation cover not only the Confidential information, but also any information copied or extracted from such material, as well as all copies, excerpts, summaries, or compilations thereof, and testimony or conversations that might reveal Confidential information.

3. **Designating Information Confidential by Parties:** The designation of materials as Confidential by the parties to this litigation shall be made as follows:

(a) By imprinting the word "Confidential" on the face of each page of a document so designated or in a similarly conspicuous location for non-document materials;

(b) For written discovery, by imprinting the word "Confidential" next to or above any response to a discovery request or on each page of a response;

(c) For depositions, by indicating on the record at the deposition or, within twenty-five (25) days after the conclusion of said deposition, by informing all parties' counsel in writing that some or all of the transcript and/or responses be treated as Confidential information;

(d) For electronic format materials, by either imprinting the word "Confidential" on the face of each page of a document so designated, or by designating the production as "Confidential" in the transmittal cover letter.

4. **Designating Information Confidential by Non-Parties:** Non-parties from whom discovery is sought by the parties to this Stipulation may designate information as Confidential consistent with the terms of this Stipulation, provided that such non-parties agree in writing to be bound by the Stipulation. Additionally, any party may designate discovery

#1128131 v1

2

produced by a non-party as Confidential. Where a party or non-party designates discovery produced by a non-party as Confidential, all duties applicable to a producing party shall apply to such non-party. All obligations applicable to parties receiving such information shall apply to any party receiving information from such non-party.

5.  **Disclosure of Confidential Information:** The information designated as Confidential information pursuant to this Stipulation shall not be disclosed or disseminated to any person, corporation, partnership, firm, agency, association, or any other entity whatsoever without a Court order, except to:

   (a)   parties to this litigation;

   (b)   the parties' counsel who have entered an appearance in this action, and their employees, contract workers, assistants, litigation vendors or other support personnel as reasonably necessary to assist appearing counsel in this litigation.

   (c)   employees or former employees of a party, but only to the extent deemed necessary in good faith by counsel for the pursuit or defense of claims in this litigation and only provided that each such person shall execute a copy of the Certification annexed to this Stipulation before being shown or given any Confidential information;

   (d)   consultants or expert witnesses retained for the prosecution or defense of this litigation, but only to the extent deemed necessary in good faith by counsel for the pursuit or defense of claims in this litigation;

   (e)   any authors or recipients of the Confidential information, or anyone who counsel for any party believes, in good faith, had access to the Confidential information provided

that each such person shall execute a copy of the Certification annexed to this Stipulation before being shown or given any Confidential information;

  (f) the Court, Court personnel, and Court reporters, although the procedures set forth in paragraph 10 below shall be employed before filing any Confidential information;

  (g) defendants' insurers or their counsel, but only to the extent reasonably deemed necessary by counsel and only provided that each such person shall execute a copy of the Certification annexed to this Stipulation before being shown or given any Confidential information;

  (h) mediators and settlement judges;

  (i) a deposition witness or other witness who reasonably appears to the disclosing party to potentially have information concerning or involving the Confidential information; and

  (j) Any United States Attorney's Office or any state or local law enforcement authority or prosecutor's office.

The information designated as Confidential information pursuant to this Stipulation shall only be disclosed in connection with the prosecution and defense of the claims in this litigation and any claims arising out of the prosecution or defense of this litigation.

  6. **Responsibility for Compliance:** The party's counsel who discloses Confidential information shall be responsible for assuring compliance with the terms of this Stipulation with respect to persons to whom such Confidential information is disclosed, and shall obtain and retain the original Acknowledgments executed by qualified recipients of Confidential information (if such execution was required by the terms of this Stipulation).

7. **Inadvertent Production of Confidential Information Without Designation:** A party that has inadvertently produced Confidential information without designating it as "Confidential" may at any time prior to the discovery cutoff in this action redesignate such information as "Confidential" in accordance with the terms of this Stipulation. The party making such redesignation shall be responsible, at its own cost, of producing to all parties who so request new copies of the redesignated documents or materials with the "Confidential" legend. The party receiving such redesignated "Confidential" information shall make a reasonable good faith effort to ensure that the previously undesignated documents or materials subject to the redesignation be treated in conformance with any such redesignation.

8. **Reservation of Rights:** Nothing contained in the Stipulation or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any party as an admission by a party or a party opponent. Nothing in this Stipulation shall be deemed an admission that any particular information designated as "Confidential" is entitled to protection under the Order upon this Stipulation, Fed. R. Civ. P. 26(c), or any other law. Nothing in this Stipulation shall be construed as granting any person or entity a right to receive specific Confidential information where a court has entered an order precluding that person or entity from obtaining access to that information. The parties specifically reserve the right to challenge the designation of any particular information as Confidential.

9. **Challenges to Confidential Designation:** Entry of the Order upon this Stipulation shall be without prejudice to any party's motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any

document or other information in the course of this action, provided, however, that no such motion shall be made after entry of a final judgment or settlement. If a party disagrees with a producing party's designation of information as Confidential, or disputes the limitations on access to be accorded such information under this Stipulation, the party contesting the designation or restriction on access shall provide to the producing party written notice of its disagreement and specifically identify the information or restriction on access in dispute, and state the reasons why the party believes such information is not Confidential. If, despite good faith effort, the dispute cannot be resolved informally by the parties within fifteen (15) days of the producing party's receipt of the written notice, the party advocating the designation or restriction on access may seek relief from the Court. Pending the Court's ruling, the party contesting the designation shall continue to treat the information in accordance with the "Confidential" designation.

10. **Filing of Confidential Information in Court:** All information subject to Confidential treatment in accordance with the terms of this Stipulation that is filed with the Court in any pretrial proceeding, and any pretrial pleading, motions, or other papers filed with the Court disclosing any Confidential information, shall be filed under seal in accordance with D. Col. L. Civ. R. 7.2 and 7.3, and be kept under seal until further order of this Court. The use of information designated as Confidential pursuant to this Stipulation at any hearing in this case shall be subject to future order of the Court. Nothing in this Stipulation shall be deemed to preclude a party or non-party from seeking additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

11. **Use and Disclosure of Independently Obtained Information Permitted:** Nothing herein shall impose any restriction on the use or disclosure by a party or its agent of its own information, or of information lawfully available to that party, or of information that lawfully came into the possession of the party independent of any disclosure of Confidential information in this litigation.

12. **Duration of Stipulation/Return of Confidential Information:** All provisions of this Stipulation restricting the use of Confidential information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered by the Court. Upon conclusion of the litigation (whether by entry of a final order of dismissal, judgment, settlement, or disposition on appeal, or otherwise), a person in the possession of Confidential information shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who produced such information, or (b) destroy such documents within the time period and certify in writing within thirty (30) days that the documents have been destroyed. The Court shall retain continuing jurisdiction to enforce the terms of this Stipulation after the conclusion of this action.

13. **Preservation of Objections and Privileges:** Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection. Nothing contained in this Stipulation, nor any action taken in connection or in compliance with it, shall: (i) operate as an admission by a party that any particular document is, or is not, relevant, material and/or admissible as evidence in this litigation; or (ii) bar a party from seeking to quash, prohibit or otherwise limit the use or introduction of any Confidential information in connection with any aspect or at any stage of this case. Further, nothing herein shall be deemed to preclude a party

from seeking additional protection with respect to the confidentiality of documents, testimony, court papers or other matters.

~~In addition, where production results in an inadvertent disclosure of documents,~~ information, and/or other materials that are subject to claims of protection under the attorney-client privilege, work product doctrine, or other doctrines of nondisclosure (collectively, "Privileged Material"), a party may notify in writing any other party that said production was an inadvertent disclosure of Privileged Material and demand return thereof. On such demand, the other party or parties shall return such Privileged Material and destroy all copies, extracts, summaries or records thereof. The parties agree that inadvertent disclosure of Privileged Material shall not constitute any waiver of any such doctrine or privilege of nondisclosure with respect to the Privileged Material or any portions thereof, or the subject matter(s) discussed in the Privileged Material. A party's return of such document or item is without prejudice to its right to challenge the claim or privileges of nondisclosure. In challenging the claim of privilege as to any such document or item, the party returning the document or item shall be entitled to ~~refer to and summarize the document in any pleading filed under seal with the Court.~~

14. **Scope of Discovery Not Addressed:** Nothing in this Stipulation shall constitute an agreement as to the scope of discovery.

SO ORDERED this 21st day of December, 2005.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

8

#1128131 v1

Dated at Denver, Colorado, this 20th day of December, 2005.

/s/ Michael J. Hofmann
Michael J. Hofmann, Esq.
Holme Roberts & Owen LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203-4541
Phone: 303-861-7000
Fax: 303-866-0200
Email: *michael.hofmann@hro.com*
Attorneys for Plaintiff Beverly J. Wood


/s/ Robert T. Cosgrove
Robert T. Cosgrove, Esq.
Burns Wall Smith and Mueller
303 E. 17th Avenue, Suite 800
Denver, CO 80203-1299
Phone: 303-830-7000
Fax: 303-830-6708
Email: *rcosgrove@bwsm.com*
Attorneys for Defendants Kevan and Rebekah
Northup and Plains Performance Leasing LLC


/s/ Steven Janiszewski
Steven Janiszewski, Esq.
Riggs, Abney, Neal, Turpen, Orbison & Lewis
7979 E. Tufts Avenue Pkwy., Suite 1300
Denver, CO 80237
Phone: 303-298-7392
Fax: 303-298-7398
Email: *sjaniszewski@riggsabney.com*
Attorneys for Defendants Plains Performance
Dentistry P.C. and Dr. Bruce Lee

#1128131 v1

9

# EXHIBIT A TO
# STIPULATION AND PROTECTIVE ORDER
# CONCERNING DISCOVERY

## ACKNOWLEDGMENT

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order Concerning Discovery ("Stipulation") executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation, such confidential documents, materials, or information. I further agree that the United States District Court for the District of Colorado has jurisdiction to enforce the terms of the Stipulation, and I consent to jurisdiction of that Court over my person for that purpose.

If I am signing on behalf of a firm of consultants, experts, court reporters, videographer, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation and the firm's responsibilities hereunder.

Signature: _____
Name (type or print): _____
Position: _____
Firm: _____
Address: _____
Telephone Number: _____
Date: _____

#1128131 v1