IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01741-EWN-BNB

BEVERLY J. WOOD,

Plaintiff,

v.

KEVAN D. NORTHUP,
REBEKAH NORTHUP,
LEBARON PROPERTIES LLC d/b/a LEBARON PROPERTIES GROUP,
PLAINS PERFORMANCE DENTISTRY P.C.,
PLAINS PERFORMANCE LEASING, LLC, and
DR. BRUCE LEE,

Defendants.
_____

**ORDER**
_____

This matter is before me on **Plaintiff Beverly J. Wood's Motion to Strike the Answer of Defendant Plains Performance Leasing LLC Pursuant to Fed. R. Civ. P. 12(f) and D.C.COLO.LCivR 83.3(D)** [Doc. # 58, filed 9/6/2006] (the "Motion"). The Motion is GRANTED, and the Answer filed on behalf of Plains Performance Leasing, LLC [Doc. # 9, filed 10/17/2005], is STRICKEN.

This case was commenced by the filing of a Complaint and Jury Demand [Doc. # 1, filed 9/7/2005]. Thereafter, defendant Plains Performance Leasing LLC ("PPL") filed its Answer [Doc. # 9, filed 10/17/2005]]. At the time of its Answer, PPL was represented by Robert T. Cosgrove of the law firm of Burns, Wall, Smith and Mueller, PC. Mr. Cosgrove was allowed to withdraw on February 8, 2006. See Order [Doc. # 44, filed 2/8/2006]. The Order allowing

Mr. Cosgrove to withdraw also provided that "defendant Plains Performance Leasing, LLC, shall cause substitute counsel to enter an appearance on or before **February 22, 2006**." Id. No lawyer has entered an appearance for PPL after the February 8 Order.

The plaintiff filed the instant Motion on September 6, 2006. I entered a minute order on September 7, 2006 [Doc. # 61], requiring that a response be filed on or before September 26, 2006, and setting the matter for hearing on October 3, 2006, at 8:30 a.m. No response to the Motion has been received, and no one appeared at the hearing on behalf of PPL.

Local rule of practice 83.3D, D.C.COLO.LCivR, provides in relevant part:

> Where the withdrawing attorney's client is a corporation, partnership, or other legal entity, the notice shall state that such entity cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions, and other papers may be stricken, and default judgment or other sanctions may be imposed against the entity.

The local rule apparently is premised on the long-standing law which precludes corporations and other entities from appearing in federal court except through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Flora Const. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 413-14 (10th Cir. 1962); Wallic v. Owens-Corning Fiberglass Corp., 40 F. Supp. 2d 1185, 1188 (D. Colo. 1999).

PPL is a legal entity. It has failed to comply with D.C.COLO.LCivR 83.3D and my order of February 8, 2006. The local rule provides the sanction for such non-compliance--striking pleadings, motions, and other papers.

IT IS ORDERED that the Motion is GRANTED, and PPL's Answer [Doc. # 9] is STRICKEN.

IT IS FURTHER ORDERED that this case is set for a **status conference** on **November 9, 2006, at 8:30 a.m.**, in Courtroom 401, 4th floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  Among other things, I will address the advisability of setting a new case schedule for the non-bankrupt parties.

Dated October 3, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge